Case: 3:23-cv-00383-TMR-CHG Doc #: 6 Filed: 12/20/23 Page: 1 of 9 PAGEID #: 43

**ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, November 20, 2023 10:52:27 AM
CASE NUMBER: 2023 CV 06224 Docket ID: 602849605
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO**

IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| **LAMARR JAMES**<br>**744 GENEVA ROAD**<br>**DAYTON, OHIO 45417**<br><br>Plaintiff,<br><br>-vs.-<br><br>**THE TRAVELERS COMPANIES, INC.**<br>**485 LEXINGTON AVENUE**<br>**NEW YORK, NEW YORK 10017**<br>Please serve:<br>The Travelers Companies, Inc.<br>c/o Corporation Service Company<br>Goodwin Square<br>225 Asylum Street, 20th Floor<br>Hartford, Connecticut 06103<br><br>AND<br><br>**THE TRAVELERS INDEMNITY COMPANY**<br>**DBA TRAVELERS INSURANCE**<br>**ATTN: ALAN SCHNITZER,**<br>**CHAIRMAN AND CEO**<br>**ONE TOWER SQUARE**<br>**HARTFORD, CONNECTICUT 06183**<br><br>AND<br><br>**TRAVCO INSURANCE COMPANY**<br>**ATTN: ALAN SCHNITZER**<br>**28188 ONE TOWER SQUARE**<br>**HARTFORD, CONNECTICUT 06183**<br><br>Defendants. | Case No: _____<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES Plaintiff, Lamarr James,** by and through undersigned counsel, and states her Complaint against the named Defendants, as follows:

### I. The Parties

**1.** Plaintiff, Lamarr James, resides at 744 Geneva Road, Dayton, Montgomery County, Ohio 45417 ["the subject property"] and has so resided at relevant times herein.

**2.** Plaintiff had insured her residence through Defendants, The Travelers Companies, Inc., The Travelers Indemnity Company DBA Travelers Insurance, and/or Travco Insurance Company. [Collectively, "Defendnats" or "Travelers"].

**3.** This case arises, *inter alia,* from the failure of the Defendants, Travelers, to timely indemnify Plaintiff, Lamarr James, for a covered property loss, which occurred on or about **May 1, 2023.**

**4.** Defendant, The Travelers Companies, Inc., is a Connecticut property and casualty insurance company headquartered in New York, which had issued a homeowner's insurance policy contract to the Plaintiff which was, in full force and effect, at the time of the subject property loss. Defendant conducts substantial business within Montgomery County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

**5.** Defendant, The Travelers Indemnity Company DBA Travelers Insurance, is a Connecticut property and casualty insurance company headquartered in Hartford, Connecticut, which had issued a homeowner's insurance policy contract to the Plaintiff which was, in full force and effect, at the time of the subject property loss. Defendant conducts substantial business within Montgomery County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

**6.** Defendant, Travco Insurance Company, is a Connecticut property and casualty insurance company headquartered in Hartford, Connecticut, which had issued a homeowner's insurance policy contract to the Plaintiff which was, in full force and effect, at the time of the subject property loss. Defendant conducts substantial business within Montgomery County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

## II.  Jurisdiction and Venue

**7.** Jurisdiction is properly invoked in the Montgomery County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Montgomery County, Ohio.

**8.** Venue is proper in Montgomery County, Ohio, as the subject property is in Montgomery County, the material events of the subject property loss occurred in Montgomery County and the Defendants conduct substantial business within Montgomery County, Ohio.

## III. Statement of Facts

**9.** The subject property, located at 744 Geneva Road, Dayton, Montgomery County, Ohio 45417 was (and still is) owned by the Plaintiff, Lamarr James, and the subject property is used as her primary residence.

**10.** On or about **May 1, 2023**, Plaintiff suffered a substantial flooding loss to the contents and interior of her residence.

**11.** Plaintiff, Lamarr James, promptly notified Defendants, Travelers, of the occurrence on or about **May 1, 2023**, and has satisfied all conditions precedent to pursue a bona fide and valid

property loss claim under the subject Travelers insurance policy, which was, in full force and effect, on the date of the subject loss.

12. Plaintiff duly reported the loss and fully cooperated with Defendants, Travelers, following the subject flooding loss. Defendants, Travelers, failed to conduct a reasonable investigation of the loss.

13. As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or interior and/or contents and/or loss of use and/or additional damages at the subject property.

14. Defendants, Travelers, wrongfully denied the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for a covered loss.

15. Plaintiff, Lamarr James, placed reasonable reliance in the Defendants, Travelers, that said Defendants would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for her property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

16. Plaintiff, Lamarr James, restates and re-alleges each and every allegation contained in Paragraphs One through Fifteen (1-15), with the same force and effect, as if fully rewritten herein.

17. Plaintiff placed reasonable and justifiable reliance upon the Defendants, Travelers, to perform the reasonable and necessary services to adjust the subject flooding loss and to adequately indemnify Plaintiff for her subject loss.

18. Defendants, Travelers, owed a duty of good faith and fair dealing to the Plaintiff, Lamarr James, in carrying out their duties under the subject insurance policy.

**19.** Defendants, Travelers, breached their duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

(a)  failing to promptly and reasonably adjust and pay the Plaintiff's claim;

(b)  failing to establish a reasonable justification for the denial of the Plaintiff's claim;

(c)  taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

(d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

(e)  failing to properly analyze the cause of the loss and/or the applicable coverage;

(f)  failing to properly review the analysis contained in any reports related to the loss in its possession;

(g)  failing to properly review the available evidence related to the loss;

(h)  failing to perform a good faith analysis of the loss;

(i)  failing to prepare a good faith estimate of damages caused by the loss;

(j)  refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for her losses and damages within a reasonable period of time;

(l)  failing to properly train, supervise and/or instruct their adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q)  acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendants; and

(r)  engaging in other wrongful acts or omissions to be shown at trial on the merits.

**20.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendants, Travelers, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**21.** To the extent the conduct of the Defendants, Travelers, is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II:  BAD FAITH

**22.** Plaintiff, Lamarr James, restates and re-alleges each and every allegation contained in Paragraphs One through Twenty-One (1-21), with the same force and effect, as if fully rewritten herein.

**23.** As insurers, Defendants, Travelers, their management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**24.** Defendants, Travelers', wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, Plaintiff, Lamarr James.

**25.** As a direct and proximate result of Defendants, Travelers', bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**26.** The conduct of the Defendants, Travelers, has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff, Lamarr James, is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Lamarr James, by and through counsel, demands the following relief:

**A.** Judgment against the Defendants, **The Travelers Companies, Inc., The Travelers Indemnity Company DBA Travelers Insurance, and Travco Insurance Company**, jointly and severally, for the full value of the losses and damages caused by the flooding loss at the subject property on or about **May 1, 2023**, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against the Defendants, **The Travelers Companies, Inc., The Travelers Indemnity Company DBA Travelers Insurance, and Travco Insurance Company**, jointly

and severally, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

      **C.**  An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

      **D.**  An award of pre-judgment interest; and

      **E.**  Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

***/s/ Ryan C. Puckett, Esq.***_____
Ryan C. Puckett [Atty. Reg. #: 102389]
Trial Attorney for Plaintiff, Lamarr James
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 113
(513) 721-5557 (FAX)
E-mail: rpuckett@maislinlaw.com

**JURY DEMAND**

  Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

           ***/s/ Ryan C. Puckett, Esq.***
           Ryan C. Puckett [Atty. Reg. #: 102389]
           Trial Attorney for Plaintiff, Lamarr James
           Law Offices of Blake R. Maislin, LLC
           Maislin Professional Center
           2260 Francis Lane
           Cincinnati, Ohio 45206
           (513) 444-4444 Ext. 113
           (513) 721-5557 (FAX)
           E-mail: rpuckett@maislinlaw.com

**INSTRUCTIONS TO THE CLERK**

  Please issue Summons and serve the Summons and Complaint upon the named Defendants at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

           ***/s/ Ryan C. Puckett, Esq.***
           Ryan C. Puckett [Atty. Reg. #: 102389]
           Trial Attorney for Plaintiff, Lamarr James
           Law Offices of Blake R. Maislin, LLC
           Maislin Professional Center
           2260 Francis Lane
           Cincinnati, Ohio 45206
           (513) 444-4444 Ext. 113
           (513) 721-5557 (FAX)
           E-mail: rpuckett@maislinlaw.com